UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDINSON RENTERIA,

    Petitioner,

v.                                                       CASE NO. 8:12-cv-170-T-30TGW
                                                       CRIM. CASE NO. 8:08-cr-481-T-30TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

**O R D E R**

This Cause is before the Court upon the petitioner's *pro se* "Motion to Reduce a Federal Sentence Pursuant to the Immigration Fast Track Act, § 1326(a), and to the Correct Application to the United States Sentencing Guidelines, § 1B1.3., § 3B1.1." ("motion") (CV Dkt. 1) attacking his sentence in case no. 8:08-cr-481-T-30TGW. Because the motion challenges the sentence in petitioner's criminal case, the motion is in essence a motion to vacate, pursuant to 28 U.S.C. §2255.[1] The Court has docketed this motion as a §2255 motion, and assigned it case no. 8:12-cv-170-T-30TGW. However, the Court may not immediately process the motion as a motion to vacate case.

*Castro v. United States*, 540 U.S. 375 (2003), instructs that a district court must advise a movant that it intends to recharacterize a criminal post-conviction motion as a §2255

---

[1] 28 U.S.C. § 2255 affords the exclusive remedy for challenging a federal conviction and sentence, unless the remedy is inadequate or ineffective. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Broussard v. Lippman*, 643 F.2d 1131, 1134 (5th Cir. 1981).

motion, and warn the movant about the consequences of recharacterizing the motion as a motion seeking relief pursuant to §2255. In light of the foregoing, and in compliance with the requirements of *Castro*, the Court hereby advises petitioner of its intention to recharacterize his motion as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The court cautions petitioner that such recharacterization renders this motion and any subsequent § 2255 motion filed with this court susceptible to each of the procedural limitations imposed upon § 2255 motions. Specifically, petitioner is cautioned that the instant motion and any subsequent § 2255 motion shall be subject to the one-year period of limitation and the successive petition bar applicable to post-conviction motions.[2]

Accordingly, the Court **ORDERS** that **on or before February 24, 2012**, petitioner shall advise this Court whether he seeks to do one of the following:

1.   Proceed before this Court pursuant to 28 U.S.C. § 2255 on those claims presented in his motion (CV Dkt. 1);

2.   Amend his motion to assert any additional claims pursuant to 28 U.S.C. § 2255 on which he wishes to challenge the conviction and sentence imposed upon him by this court; or

3.   Withdraw his motion.

---

[2] "A 1-year period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255 ¶6. Further, Title 28 U.S.C. § 2244(b)(3)(A) requires that "[b]efore a second or successive [28 U.S.C. § 2255 motion] ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

If petitioner elects to have the Court consider the instant motion as a motion to vacate pursuant to §2255, he shall show cause why his motion should not be dismissed as time barred.

Petitioner is **CAUTIONED** that if he fails to file a timely response in compliance with this order, which requires that he advise the Court that he wishes to do one of the above, this cause shall proceed as an action under 28 U.S.C. § 2255, with the Court considering only those claims presented in his original motion (CV Dkt. 1).

The Clerk of Court is **DIRECTED** to provide petitioner with the form used for filing a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 with petitioner's copy of this order.

**DONE** and **ORDERED** in Tampa, Florida on January 30, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner *pro se*
　　　　Counsel of Record